UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELA E. WHITE,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of the<br>Social Security Administration,<br><br>    Defendant. | Case No. CV 07-6577 PJW<br><br>MEMORANDUM OPINION AND ORDER |

    Before the Court is Plaintiff's appeal of a decision by Defendant Social Security Administration ("the Agency"), denying her application for supplemental security income ("SSI"). For the reasons set forth below, the Agency's decision is reversed and the case is remanded for an award of benefits.

    On October 22, 2001, Plaintiff filed an application for SSI, alleging disability due to depression as well as problems with her back, legs, arm, and neck.[1] (AR 49-52, 57-66.) The Agency denied the application. (AR 44-48.) Plaintiff then requested and was granted a hearing before an Administrative Law Judge ("ALJ"), which was held on May 20, 2003. Plaintiff appeared with counsel at the hearing and

---

[1] Two previous SSI applications were denied in 1992 and 1999. (Administrative Record ("AR") 396.)

testified. (AR 31-41.) On September 25, 2003, the ALJ denied the application. (AR 14-19.) Plaintiff appealed the ALJ's decision to the Appeals Counsel, which denied her request for review. (AR 4-8.) Plaintiff then commenced an action in this court.[2]

On August 23, 2005, this Court reversed the Agency's decision. (AR 417-27.) The Court held that it was error for the ALJ to rely exclusively on the Medical-Vocational Guidelines (the "Grids") to find Plaintiff not disabled after he had concluded that Plaintiff had severe, non-exertional limitations, citing *Holohan v. Massanari*, 246 F.3d 1195, 1208-09 (9th Cir. 2001). (AR 420-21.) In the decision, the Court noted that the ALJ had found, among other things, that Plaintiff had moderate deficiencies in concentration, persistence, and pace, and that she could work with the public provided that any contact was not extensive. (AR 421-22.) In the Court's view, these limitations significantly restricted her ability to work, thus precluding use of the Grids. (AR 421-22.) The Court remanded the case to the Agency with instructions to hold a new administrative hearing and to call a vocational expert to assess Plaintiff's ability to work in light of her non-exertional limitations. (AR 426.)

On remand to the Agency, the Appeals Council issued an order assigning the case to a new ALJ and instructing the ALJ to 1) hold a new hearing, and 2) call a vocational expert and a medical expert. (AR 551-52.[3]) Plaintiff's counsel appeared at the hearing and

---

[2] On January 14, 2004, while Plaintiff's action was pending in this court, she filed a new application for SSI. The Agency later determined that Plaintiff was disabled as of January 14, 2004, and awarded benefits as of that date. (AR 397.)

[3] The citation here is to the administrative hearing transcript in which the ALJ discusses the Appeals Council's remand order. The

objected to the testimony of the medical expert on the ground that it was an expansion of the Court's remand order. (AR 551-53.) He questioned the ALJ as to why the Appeals Council had ordered further medical evidence. (AR 551-54.) The ALJ never provided an answer, other than to explain that the Appeals Council had included in its order that he should call a medical expert. (AR 552.)

At the hearing, the medical expert, an orthopedic surgeon, testified about Plaintiff's physical impairments and how they might interfere with her ability to work. (AR 538, 552-56.) He did not discuss her mental impairments.

After the medical expert finished testifying, the ALJ called a vocational expert. (AR 557-72.) The ALJ and Plaintiff's attorney asked the vocational expert several hypothetical questions about Plaintiff's ability to work. (AR 557-72.) Thereafter, the hearing was adjourned.

On July 11, 2007, the ALJ issued a decision denying Plaintiff's application for benefits. (AR 396-411.) He found that Plaintiff's depression caused only mild difficulties in concentration, persistence, and pace, and that she could work with the general public provided that the interaction with the public was not constant. (AR 408.) Relying on the vocational expert's opinion, the ALJ concluded that Plaintiff could work, despite these limitations. (AR 408.)

Plaintiff alleges that the ALJ erred in a number of respects. He primarily takes exception to the ALJ's finding that Plaintiff had only mild difficulties in concentration, persistence, and pace--as opposed to the first ALJ's finding that Plaintiff had moderate difficulties--

---

Appeals Council's order is not in the record.

3

and needed to avoid only constant contact with the public--as opposed to extensive contact, as found by the first ALJ. (Joint Stipulation at 5.) Plaintiff argues that the second ALJ was required to use the same findings that the first ALJ made regarding those limitations and simply ask a hypothetical question to the vocational expert based on them. In Plaintiff's view, the ALJ's failure to do so violated the rule of mandate and the doctrine of the law of the case, citing the Court's opinion in *Ischay v. Barnhart*, 383 F. Supp. 2d 1199 (C.D. Cal. 2005).

The Agency disagrees. It argues that the Court remanded the case to the Agency to conduct a new hearing in which a vocational expert would testify and that is exactly what the Agency did. (Joint Stip. at 14.) In the Agency's view, because the ALJ followed the Court's instructions, his decision should be affirmed. For the following reasons, the Court finds that the ALJ erred and his decision must be reversed.

The Agency had already determined what Plaintiff's limitations were when it decided the first time that she was capable of working. It concluded that she had a mental impairment that caused her to have moderate difficulties with concentration, persistence, and pace, and that she needed to be in an environment where she did not have extensive contact with the public. (AR 18.) The case was appealed to this Court based on those findings. The Court sent the case back to the Agency to allow a vocational expert to testify whether, with these limitations, she could still work. (AR 420-23.) On remand, the ALJ came up with a different, less restrictive residual functional

capacity and determined, again, that she could work. This process violated the spirit, if not the letter, of the remand order. For that reason, the decision is reversed.

A second, and equally compelling, reason for reversing the case is that the ALJ's decision is not supported by substantial evidence. Reviewing the medical record that was available at the time of his decision, the first ALJ determined that Plaintiff would have moderate difficulty with concentration, persistence, and pace. (AR 18.) He also found that Plaintiff could not work in an environment with extensive exposure to the public. (AR 18.) The medical evidence that was submitted by Plaintiff after the first ALJ issued his decision only painted a worse picture of Plaintiff's mental impairment, not a better one. (AR 334-92, 430-510.) One not need accept the Court's view of this evidence; the Agency came to the same conclusion. It found that Plaintiff was disabled as of January 14, 2004, based on this new evidence. So it makes no sense then for the second ALJ to look at the same evidence the first ALJ looked at, plus the new evidence Plaintiff submitted that proved that she was disabled, and reach the opposite conclusion, i.e., that Plaintiff's condition was significantly better than the previous ALJ had found.

The Agency disputes that that is what happened. It argues that both ALJs used the same residual functional capacity in evaluating Plaintiff's ability to work. (Joint Stip. at 15.) The Agency contends that Plaintiff is mistaken when she argues that the ALJs' findings about her concentration, persistence, and pace were made in the context of the residual functional capacity finding. (Joint Stip.

at 16.) In the Agency's view, these findings were part of the step-two finding, relating to whether Plaintiff's impairments were severe or not. (Joint Stip. at 16.)

The record does not support this argument. The ALJs did not make these findings at step two. They made them at step four. The first ALJ's decision is six pages long. (AR 14-19.) His step-two analysis is contained in a single paragraph in the second page of his decision. (AR 15.) At page five of his decision, he discusses Plaintiff's residual functional capacity. (AR 18.) Included in this paragraph is his finding that Plaintiff would have moderate limitations in concentration, persistence, and pace, and should avoid extensive contact with the public. (AR 18.)

The second ALJ, whose decision runs 16 pages, makes his step-two findings at pages four through eleven of his decision, under the heading *Step Two--Severe Impairment*. (AR 399-407.) Then, at page 12 of his decision, under the heading "*Step Four--Residual Functional Capacity*," he sets out his findings regarding Plaintiff's residual functional capacity, including his finding that Plaintiff would have only mild difficulties with concentration, persistence, and pace, and could not tolerate constant interaction with the public. (AR 408.) Thus, the government's argument that these were step-two findings is not supported by the record and is rejected.

The Agency also cites *Hoopai v. Astrue*, 499 F.3d 1071, 1077 (9th Cir. 2007), for the proposition that moderate limitations do not require the use of a vocational expert. This argument, too, is rejected. First, the Court already decided that a vocational expert was required, and the Agency did not appeal. Thus, in this case, the Agency was required to call a vocational expert. Second, even

6

assuming that a vocational expert was not required, the ALJ called one and relied on her testimony. It is too late to argue that the vocational expert was not needed.

The final issue to be resolved is whether the case should be remanded for further proceedings or for an award of benefits. *See McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989) (noting district court has discretion to remand for further proceedings or for payment of benefits). The Court finds that this is the rare case where remand for an award of benefits is appropriate. The vocational expert testified in response to a hypothetical posed by Plaintiff's counsel that, if Plaintiff was moderately deficient in concentration, persistence, and pace, she would not be able to work. (AR 564.) Plaintiff is moderately deficient in concentration, persistence, and pace. Thus, there is no further fact-finding or analysis required to resolve this case. For that reason, remand for the payment of benefits is warranted. *See e.g. Benecke v. Barnhart*, 379 F.3d 587, 593-96 (9th Cir. 2004) (concluding remand for award of benefits proper where ALJ did not provide legally sufficient reasons for ruling, there are no outstanding issues to be resolved, and ALJ would be required to find claimant disabled crediting evidence that was disregarded).

For these reasons, the Agency's decision is reversed and the case is remanded to the Agency for a calculation of and an award of benefits for the period October 22, 2001, to January 13, 2004.

IT IS SO ORDERED.

DATED: February 13, 2009.

PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Soc Sec\WHITE, A 6577\Memo_Opinion.wpd